IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

DIANE MESTAYER
    Plaintiff
vs.

CHRISTOPHER CALLUS, D.O.
    Defendant

COMPLAINT, JURY DEMAND AND CERTIFICATE OF REVIEW

COMES NOW, the Plaintiff through undersigned counsel and complains against the Defendant as follows:

### A. OVERVIEW

1. This is a medical negligence action. The Plaintiff underwent a surgical procedure on her thoracic spine on October 22, 2015. The Defendant performed this procedure, a T-5 and T-7 balloon kyphoplasty. Unfortunately, during the procedure material in a balloon ruptured and caused a substantial leakage and extravasation of contrast from the balloon into the spinal canal. Because of this horrid complication the Plaintiff went on to sustain significant neurologic compromise and is now disabled.

### B. THE PARTIES

2. Plaintiff in this action is Diane Mestayer. Her address is 301 Dodson Street, New Iberia, Louisiana, 70563.

3. The Defendant in this action is Christopher Callus, D.O. whose principal place of medical practice is located at 6825 S. Galena Street, Suite 314, in the City of Centennial, County of Arapahoe, State of Colorado.

## C. JURISDICTION

4. The amount in controversy in this action exceeds the sum of $75,000.00.

5. This action is brought pursuant to 28 U.S.C. §1332 inasmuch as there is diversity of jurisdiction because the Defendant is a resident of the State of Colorado while the Plaintiff is a resident of the State of Louisiana.

## D. GENERAL ALLEGATIONS

(Negligence)

6. At all times pertinent the Defendant physician was licensed neuro surgeon practicing neuro surgery in the State of Colorado.

7. On or about October 22, 2015, the Plaintiff underwent a procedure known as a "T-5 and T-7 balloon kyphoplasty."

8. This surgical procedure involved the use of bone cement through a cannula. During the procedure balloons are utilized by the surgeon, in this case the Defendant. During this period of time, during the surgical process the surgeon is to make sure that the balloons are properly inflated and have the appropriate pressure.

9. During the procedure one of the balloons ruptured causing a serious complication. This caused inappropriate material to migrate into the spinal canal which in turn occasioned a horrible result, causing the Plaintiff to be seriously and permanently neurologically impaired.

10. As a result of the complication caused by the negligence of Defendant, the Plaintiff developed a thoracic spinal cord compression at T-5 due to the cement extravasation from the vertebral body.

11. Later that day she underwent a second procedure performed by the Defendant. This

was due to the complications caused by the first procedure and the observation that the Plaintiff had significant neurological compromise as a result of the earlier, the first, surgery where the complication occurred. In the second surgery the Defendant was able to visualize the extent of the cement extrusion into the spinal canal. While efforts were attempted by Defendant to drill and debulk the cement mass the Plaintiff sustained permanent and serious injury as a consequence of the complication.

12. At all times pertinent the Defendant had a duty to perform the spinal surgery in a reasonable and acceptable fashion.

13. Defendant breached that duty of due care in one or more of the following particulars:

   a. In failing to appropriately be aware of important anatomical landmarks during the original procedure;

   b. In failing to properly control or otherwise observe the balloons utilized during this surgical process;

   c. Allowing a significant leakage or rupture of the balloon which in turn caused extravasation of material into the spinal cord;

   d. In failing to properly protect the spinal cord during the surgery;

   e. In failing to properly utilize the kyphoplasty cement during the procedure;

   f. In performing a procedure in a way that was unsafe and caused significant neurological problems to the Plaintiff;

   g. In failing to properly protect the spine at T5 level;

   h. Once the complication occurred failing to adequately protect or repair the injury to the spinal cord;

I. In being otherwise negligent during the course and scope of the procedures he performed on October 22, 2015.

14. As a direct and proximate result of the negligent acts and actions of Defendant the Plaintiff sustained significant and permanent injury; is now disabled, will in the future require extensive rehabilitation, physical therapy and medical and surgical intervention. Plaintiff has incurred significant economic and non-economic losses as a consequences of the negligent acts and actions of Defendant.

WHEREFORE, Plaintiff prays for judgment against the Defendant in a sum reasonable, costs of this action, expert witness fees, interest at the legal rate and for such other and further relief as this Honorable Court deems just and proper in the premises.

PLAINTIFF REQUESTS THAT THIS MATTER BE HEARD BY A JURY.

## CERTIFICATE OF REVIEW

COMES NOW, the Plaintiff, by and through counsel and pursuant to C.R.S. §13-20-602(3) hereby certifies and declares as follows:

Undersigned counsel certifies pursuant to C.R.S. §13-20-602(3) that (a) he has consulted with a physician with expertise in the areas of alleged negligent conduct as set forth in Plaintiff's complaint and (b) the physician who has been consulted has reviewed all known facts, including such records, documents and other materials which the professional has found to be relevant to the allegations and negligence conduct as complained of Plaintiff's Complaint and ( c) based upon such facts this professional has concluded that the filing of the claims in this instant case does not lack substantial justification within the meaning of C.R.S. §13-17-102(4) and (d) the physician who has reviewed all known facts relevant to the allegations and negligent conduct in Plaintiff's complaint

meets the requirements as set forth in C.R.S §13-64-401.

      s/ Phil Pearson
      Phil Pearson


Respectfully submitted,
 s/John Astuno, Jr.
John Astuno, Jr.
1290 Broadway #600
Denver, CO 80203
303-861-7636
E-Mail: norma633077@gmail.com
Attorney for Plaintiff

s/Phil Pearson
3650 W. Yosemite #404
Denver, CO 80237
720-489-0540
E-Mail Pcpmdjd@yahoo.com
Attorney for Plaintiff

-5-